UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID P. RIDEOUT AND JAN G. RIDEOUT                                    PLAINTIFFS

V.                                                       CIVIL ACTION NO. 1:06cv429-LTS-RHW

ALLSTATE INSURANCE COMPANY AND                                          DEFENDANTS
JOHN DOES 1-10

## ORDER FOR MEDIATION

  Pursuant to Fed. R. Civ. P. 16 and the inherent powers of this Court, it is hereby **ORDERED** that the parties to this case, including their counsel as set forth below, shall participate in the special mediation program established by the Mississippi Department of Insurance. The rules and procedures applicable to that program in emergency regulation No.2005-2, as amended, are incorporated by reference, to the extent they are not in conflict with the specific provisions of this order.

  At least ten days before the mediation is scheduled, the parties shall submit to the mediator designated by the program administrator (the American Arbitration Association) a confidential memorandum, no more than three pages in length, setting out the following information:

1. The limits of liability under the policy or policies sued upon.
2. The amount of damage claimed under the policy or policies, separated by damage to structures and damage to contents.
3. The amount that has been offered by the insurer, if any, for the damage claimed under the policies, separated by the amount (if any) offered for damage to structures, the amount (if any) offered for damage to contents, and the amount (if any) offered under any other applicable coverages.
4. A brief description or summary of any documentary evidence (including photographs, videos, appraisal reports, engineering reports, itemizations, damage estimates, or other relevant written materials) the party wishes the mediator or the party opposite to take into consideration in evaluating and discussing the merits of the claim.

The confidential memorandum shall be submitted to the following address and/or fax number:
  American Arbitration Association
  ATTN: Mississippi Insurance Mediation
  13455 Noel Road, Suite 1750
  Dallas, TX 75240        Fax: (972) 490-9008

This mediation will be subject to Rule 408 of the Federal Rules of Evidence. This mediation will have a basic time limit of no more than two hours unless, in the judgment of the mediator, substantial progress is being made toward settlement. Each party shall be represented at the mediation by only one counsel of record, and no other representative or person may appear at the mediation on behalf of any party or their counsel.

Each party shall have immediate access, by telephone or in person, to an individual who is authorized to approve or decline proposed settlements. Insurance company representatives shall have immediate access, by telephone or in person, to an individual who has authority to authorize settlements up to the policy limits of the insurance contracts that have been sued upon. For the purposes of this Order, and because public telephones will not be available, the Court's prohibition against the use of cell phones in the United States Courthouse will be suspended, and counsel may communicate by these devices for any reason associated with the mediation. No other communication or recording devices of any kind shall be allowed in the mediation.

This mediation will take place in the Alternative Dispute Resolution room on the first floor of the United States Courthouse, 2012 15th Street, Suite 110, Gulfport, Mississippi. Counsel for the parties will be notified of the date and time the mediation is to take place through the American Arbitration Association. The mediator is hereby empowered to contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the mediation.

The parties are admonished to cooperate with the mediator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by agreement of the parties. All parties and their counsel are reminded of their continuing duties and obligations after suit is filed. *See*, *e. g.*, *Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1990); Fed. R. Civ. P. 11. A party's failure to attend and participate in this conference, without good cause, shall result in the imposition of appropriate sanctions.

**SO ORDERED** this the 28th day of August, 2006

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge